Gueen, J.,
delivered the opinion of the court.
This bill is brought for the locative interest in a tract of land' in Obion county, entered in the name of the President and Trustees of the University of North Carolina, for 3,840 acres, by the complainant Marr, as locator.
The entry in this case was made the 22d December, 1822, and the grant issued the 5th July, 1824.
In pursuance of a decree of the Supreme court of North Carolina, the President and Trustees of the University, on the 29th of December, 1830, conveyed this tract of land to James H. Wood, Thomas Peete, and Mathias Deberry; and Chester, the defendant holds the title, under regular conveyances to himself.
Subsequently to the conveyance of the University of North Carolina, to Wood, Peete and Deberry, Samuel Dickens, assuming to act for the University, conveyed, by the procurement of Marr, the locator, 960 acres of this tract to Constant Perkins, in satisfaction of the locator’s claim; and Perkins re-conveyed to Marr 320 acres of the same land, of which he took possession, and improved, and which he claims, by the statute of limitations.
It does not appear that Dickens had any authority from the University of North Carolina, to lay off, and convey the locator’s interest.
The complainants insist that they have now, as against Chester, a right to the locator’s interest, which they pray may be laid off; or if they should be mistaken in this, they insist that a title has been acquired to the 320 acres, b.y the statute of limitations.
*418 The defendant pleads the statute of limitations, and insists that the complainants’ demand is a stale one, and is barred by lapse of time.
The second section of the act of 1819, chap. 28, declares, “that no person, or persons, or their heirs, shall have, sue, or maintain any action or suit, either in law or equity, for any lands, tenements, or hereditaments; but within seven years next after his, her, or their right to commence, have or maintain such suit, shall have come, fallen or accrued.”
The language of this statute bars all suits for lands after seven years, except by persons within the saving of the proviso. But this court in construing the act, have said that, “It cannot be supposed that the bar was intended to apply to cases where there was no adverse claim to the party entitled to the land. If the party against whom suit is brought has been holding in subservience to the complainant’s right, and his possession has been consistent therewith, it would be an absurd proposition, to assume that such possession was a bar to the action.” Graham vs. Nelson, 5 Humph. R., 610.
Upon this principle, this court decided the cases of Hammond vs. Hopkins, (3 Yerg. R., 525,) and Guthrie Wife vs. Owen, 9 Yerg. R. It was upon this principle, this court decided the case of Nolen vs. Larmon Fenwick, (M S.) at the last term. The deed from Fenwick and wife conveyed only three-fourths of the land to Larmon, and upon its face, expressly recognized the locator’s right to one-fourth, stipulating that, “out of which grant, one-fourth part has to be laid off, and allotted to the locator, for locating said land.”
Here was a direct trust acknowledged by Fenwick and wife; and which Larmon undertook to execute when he took the deed, declaring the existence of the trust.
Now, when a trust is implied from the contract of the parties, the cestui que trust, is as much protected from the operation of the statute of limitations as if the trust had been de- *419 dared by an express undertaking. If a man receive a conveyance of the legal title of a tract of land, in which conveyance, there is a declaration, that the bargainee is to be entitled to only three-fourths of the land, and that one-fourth is to be laid off for a third party, who has an equitable right to it; this is an implied undertaking, by contract, to lay off that one-fourth, for the cestui que trust, and to hold the possession, not for himself entirely, but for himself and his co-tenant in equity.
But the case before us is very different from the case of Nolen vs. Larmon & Fenwick. In this case, all the conveyances from that by the University of North Carolina to Peete, Wood, and Deberry, in 1830, to the conveyance of Deberry to Chester — purport to convey the entire tract, for the sole use of the bargainee.
It is true, the bargainees took the title, clothed with a trust in favor of the locator, if they knew that his claim was unsatisfied — but it was a trust, forced upon the conscience of the party, by operation of law, and which he would have been compelled to execute. It was a constructive trust, not a direct one — a trust the law raised, and not one raised by contract, and intended by the parties.
In such cases, the statute of limitations operates in equity, as well as at law. Therefore, in this case, it is a complete bar.
The bill will be dismissed without prejudice to the complainant’s right, to defend himself against the action of ejectment, by the statute of limitations, if he’ shall be able to do so.